**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0539-24**<br>GPD Report No. 24-15944 |
| v. | |
| **JOHN PAUL SAYAMA CHARFAUROS,**<br>DOB: 02/01/1997 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S MOTION**<br>**TO DISQUALIFY**<br>**SPECIAL ASSISTANT ATTORNEY** |
| Defendant. | **GENERAL CURTIS VAN DE VELD** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 5, 2025 for hearing on John Paul Sayama Charfauros's ("Defendant's") Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld ("Motion"). Special Assistant Attorney General ("SAAG") Curtis Van De Veld represents the People, and Attorney Terry Timblin represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

Defendant is indicted on Charge One: Murder (as a 1st Degree Felony) and Charge Two: Aggravated Assault (as a 2nd Degree Felony), with each charge accompanied by a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. See Indictment (Aug. 8, 2024). The charges stem from an incident on July 4, 2024, in which Defendant is alleged to have recklessly caused the death of T.C. ("Victim") by drowning the Victim in a pool after repeatedly punching the Victim's ribs/face and slamming the Victim's head against a concrete floor. See Magistrate's Complaint (Aug. 1, 2024).

Former Assistant Attorney General Sean Brown was originally tasked with prosecuting this case. However, he was removed following his swearing in as Magistrate Judge at the Superior Court of Guam. On February 26, 2025, Curtis Van De Veld informed defense counsel that he

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page **1** of 7

would now be representing the Office of the Attorney General ("OAG") and prosecuting this case as a SAAG. See Entry of Appearance as a Special Prosecutor (Feb. 26, 2025).

On July 7, 2025, Defendant filed his Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld. Defendant seeks SAAG Curtis Van De Veld's disqualification, claiming that SAAG Curtis Van De Veld's employment contract with the OAG creates an improper financial motivation to bring cases to trial. See Motion at 2 (Jul. 7, 2025). Defendant claims this motivation violates Rule 1.7(a)(2) of the Guam Rules of Professional Conduct ("GRPC") because SAAG Curtis Van De Veld's representation of the People of Guam will be materially limited by his personal interest in bringing cases to trial. Id. at 2-3. Defendant points to SAAG Curtis Van De Veld's disqualification in S.C. Criminal Case No. CF0723-24-01 (*People v. Frank Reyes*) as precedent. Id. at 2-4. In that case, the Court determined SAAG Curtis Van De Veld's employment contract jeopardized the defendant's right to a fair trial. See CF0723-24-01 Decision & Order (Jun. 23, 2025). Defendant also makes a blanket claim that SAAG Curtis Van De Veld's work as defense counsel in other cases will be materially limited by the confidential relationship he has with the OAG in this case. See Motion at 4 (Jul. 7, 2025).

On July 16, 2025, the People filed their Opposition to Defendant's Motion ("Opposition"). The People argued that SAAG Curtis Van De Veld's employment contract doesn't violate either Defendant's right to a fair trial or GRPC Rule 1.7(a)(2), because the contract has since been amended to remove the claimed improper financial interest. See Opposition at 2-3 (Jul. 16, 2025). The People also claim there is no evidence the current employment contract violates Defendant's right to a fair trial because SAAG Curtis Van De Veld does not have discretion to approve plea deals. Id. at 5. The People highlight several other key differences between this case and the *Frank Reyes* case, mainly that no Superseding Indictment was filed in this case following SAAG Curtis Van De Veld's appointment. Id. at 6-7. Lastly, the People argue Defendant lacks standing to assert a general GRPC Rule 1.7(a)(2) violation on behalf of SAAG Curtis Van De Veld's unidentified criminal defense clients. Id. at 7-8.

On July 23, 2025, Defendant filed his Reply to the People's Opposition ("Reply"). Defendant argues that his fair trial rights were already violated by SAAG Curtis Van De Veld's

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 2 of 7

involvement with the case before the employment contract was amended. See Reply at 1 (Jul. 23, 2025).

The Court held a hearing on September 5, 2025. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary rules:

#### a. Attorney disqualification standards:

The standard for attorney disqualification in Guam is "whether an attorney's continued representation of a party or participation in an action **violates or significantly risks violating the Guam Rules of Professional Conduct**". See *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20 (emphasis added). The "significantly risks" portion of this test "does not allow disqualification for potential conflict, but for inevitable and material conflicts" because disqualification is a "drastic course of action that should not be taken out of hypersensitivity." Id. at ¶¶ 14, 17 (internal citations omitted). This rules-based approach is strictly applied, and even the "appearance of impropriety … will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." Id. at ¶ 17 (internal citations omitted).

The moving party bears "the burden of proving facts that establish[] the necessary factual prerequisite for disqualification." See *Bottoms v. Stapleton*, 706 N.W.2d 411, 418 (Iowa 2015). Under this burden, Defendant must produce "substantial evidence" showing that SAAG Curtis Van De Veld's prosecution of this case has violated or will inevitably violate the GRPC. Id. at 418.

#### b. Conflicts of interest between current clients:

Defendant points to GRPC Rule 1.7(a)(2) as the inevitable and material violation he believes SAAG Curtis Van De Veld's litigation of this case will bring. See Motion at 3-4 (Jul. 7, 2025). Rule 1.7 is as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. **A concurrent conflict of interest exists if:**

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 3 of 7

**(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.**

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

See GRPC Rule 1.7 (emphasis added).

To determine whether a lawyer's representation significantly risks material limitation of his responsibilities to a client, "the critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." See *Bottoms v. Stapleton* at 416 (Iowa 2005).

## II.    Application:

a.    **SAAG Curtis Van De Veld's employment contract with the OAG does not risk violating Defendant's right to a fair trial or materially limiting SAAG Curtis Van De Veld's representation of the People of Guam because the fee arrangement in question has since been replaced in its entirety. Furthermore, there is nothing to suggest this fee arrangement actually interfered with Defendant's right to a fair trial prior to its removal.**

The first GRPC Rule 1.7(a)(2) violation Defendant asserts is that SAAG Curtis Van De Veld's representation of the People of Guam is materially limited by his personal interest in bringing cases to trial. See Motion at 2-3 (Jul. 7, 2025). Defendant claims this also violates his right to a fair trial. Id. at 3-4.

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 4 of 7

In an effort to meet his substantial burden, Defendant points to Section 3.1 of SAAG Curtis Van De Veld's employment contract with the OAG, which reads as follows:

> The OAG agrees to compensate LEGAL CONSULTANT at a rate of three thousand and 00/100 dollars ($3,000.00) per month per assigned case for providing the services set forth in Section 1. The OAG agrees to compensate LEGAL CONSULTANT twelve thousand and 00/1000 dollars ($12,000.00) in any month in which LEGAL CONSULTANT is trying a case, regardless of what other cases may be assigned to LEGAL CONSULTANT.

Id. at 2-3.

It's true if left unmodified, this fee arrangement would create a significant risk of violating Defendant's right to fair trial and GRPC Rule 1.7(a)(2) because it creates an incentive for SAAG Curtis Van De Veld to bring as many cases to trial as possible in order to maximize his salary. See CF0723-24-01 Decision & Order (Jun. 23, 2025).

However, the fee arrangement in SAAG Curtis Van De Veld's employment contract has since been replaced in its entirety, and Section 3.1 of the employment contract now reads as follows:

> The OAG agrees to compensate LEGAL CONSULTANT at a rate of $12,000 per month for services rendered. The services to be rendered by LEGAL CONSULTANT are more completely described in Section 3.1 of the Agreement. LEGAL CONSULTANT is responsible for all resulting taxes, insurance costs; and other fees associated with the practice of law. The Attorney General or his designee may propose assignment of any case to Attorney and Attorney agrees to accept assignment to cases or other duties as may be assigned to Attorney by Appointing Authority or his designee, for which Attorney does not believe an ethical conflict exists, or otherwise causes an ethics compliance issue.

See Opposition at Exhibit 1 (Jul. 16, 2025).

There is no longer any risk of improper financial incentive for SAAG Curtis Van De Veld to bring cases to trial because his salary no longer varies depending on whether he is in trial or not. Id. With this financial incentive eliminated, there is no future risk of influencing SAAG Curtis Van De Veld's independent professional judgment in considering which courses of action to pursue on behalf of the People of Guam.

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 5 of 7

Additionally, Defendant has not met his substantial burden in showing how the employment contract previously violated GRPC Rule 1.7(a)(2) before its modification. While Section 1.1 of the employment contract vested SAAG Curtis Van De Veld authority to "meet[] with such persons as may be necessary and appropriate regarding plea agreements, evaluate[] the merits of any particular plea agreement and consult[] with managing attorneys as may be appropriate concerning plea agreements", it does not give him the authority to actually enter into or approve plea agreements. Id. In fact, the employment contract clearly shows these actions fall outside of SAAG Curtis Van De Veld's authority and instead rest with his managing attorneys. Furthermore, unlike *People v. Frank Reyes*, there was no Superseding Indictment filed in this case following SAAG Curtis Van De Veld's appointment. It cannot be theorized that SAAG Curtis Van De Veld influenced the charging decisions in an effort to secure a trial because Defendant is charged with the exact same crimes he faced before SAAG Curtis Van De Veld's appointment.

There is no reason to disqualify SAAG Curtis Van De Veld based on a violation of Defendant's right to a fair trial because Defendant has failed to offer any evidence suggesting the employment contract actually incentivized SAAG Curtis Van De Veld to bring this case to trial, and removal of the offending provision will cure any future concerns Defendant has raised.

**b. SAAG Curtis Van De Veld's representation of the OAG does not create a concurrent conflict of interest with his private criminal defense clients because it does not, nor will it inevitably, materially limit their representation.**

The next GRPC Rule 1.7(a)(2) violation Defendant asserts is that SAAG Curtis Van De Veld's work as defense counsel in other cases is materially limited by the confidential relationship he has with the OAG in this case. See Motion at 4 (Jul. 7, 2025).

In an effort to meet his substantial burden, Defendant points to the preamble of SAAG Curtis Van De Veld's employment contract with the OAG, which reads as follows:

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 6 of 7

Whereas, the services required may only be provided by a Legal Consultant because that person is not only licensed to practice law under the laws of Guam, but because that person also enjoys a confidential relationship with the Attorney General.

Id. at 4.

However, Defendant has failed to produce any evidence, let alone substantial evidence required to back this claim up. Defendant does not suggest any way this confidential relationship would interfere with SAAG Curtis Van De Veld's unnamed and unidentified criminal defense clients. Irrespective of standing, and ignoring whether Defendant is even authorized to bring this claim on behalf of SAAG Curtis Van De Veld's clients, Defendant's brief shows a marked absence of any specific conflict. Instead of proving that SAAG Curtis Van De Veld's prosecution of this case will inevitably and materially interfere with his criminal defense work, Defendant has simply alleged the possibility of conflict. This obviously does not meet the high standard required to disqualify opposing counsel.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. SAAG Curits Van De Veld may continue prosecuting this case because Defendant has failed to prove any conflict of interest concerning: (i) how the structure of SAAG Curtis Van De Veld's salary would materially interfere with his representation of the People of Guam or Defendant's right to a fair trial, or (ii) how SAAG Curtis Van De Veld's prosecution of this case would materially interfere with his unrelated criminal defense work. With the absence of any inevitable or material GRPC violation, there is no basis to remove and disqualify SAAG Curtis Van De Veld.

**IT IS SO ORDERED** this _____NOV 2 1 2025_____.

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

OAG&Vandeveld

Date: 11/21/25 Time: 1:37
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision & Order Denying Defendant's Motion to Disqualify Special Assistant Attorney General Curtis Van De Veld
CF0539-24, *People of Guam v. John Paul Sayama Charfauros*
Page 7 of 7